IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **DEREK CEASAR,** *Plaintiff,* | : : : : : | CIVIL ACTION |
| v. | : : | No.   21-1643 |
| **CORIZON HEALTH, INC., et al.** *Defendants.* | : : : | |

### MEMORANDUM

**KENNEY, J.**                                                                                           **February 7, 2022**

On January 13, 2022, the lone remaining Defendant City of Philadelphia filed a Motion for Summary Judgment. ECF No. 21. Plaintiff's Response in Opposition to the Motion for Summary Judgment was due on February 3, 2022. Plaintiff elected not to respond to the City's Motion for Summary Judgment. This is not the first time that Plaintiff has been unresponsive in this case. On October 18, 2021, Defendant served Requests for Admission on Plaintiff. ECF No. 18 at 5. After the deadline set by Federal Rule of Civil Procedure 36 had passed, Defendant filed a Motion for Admissions of Mr. Ceasar to be Deemed Admitted (ECF No. 18) and this Court granted the motion (ECF No. at 20).

While Plaintiff's lack of response does not grant the City summary judgment as a matter of right, it does have consequences. The City's Admissions (ECF No.

1

18 at 8-10) and purported statement of undisputed material facts (ECF No. 21-3) are uncontested and shall be taken as true.

## I.   BACKGROUND

Plaintiff asserts three claims against the Defendant City of Philadelphia: an Eighth Amendment claim for inadequate medical treatment (Count I); a claim for lack of informed consent (Count VI); and a corporate negligence claim (Count VII). ECF No. 1. The foundation of all three claims is that Defendant failed to provide Plaintiff with adequate medical care while incarcerated. *Id*.

Plaintiff was incarcerated on June 18, 2018. ECF No. 1 ¶15. He claims to have had the following conditions while incarcerated: epilepsy and traumatic brain injury with chronic pain in his rotator cuffs, hips, and back. ECF No. 1 ¶14. Plaintiff asserts that he was not provided his prescribed medications and/or dosages while incarcerated. ECF No. 1 ¶¶18-20, 23, 27. Plaintiff asserts that, as a result, he suffered numerous epileptic seizures and falls. ECF No. 1 ¶¶22-24. Plaintiff further claims he was forced to sign a refusal of medication form when he was denied proper medication and/or dosages. ECF No. 1 ¶30.

This case was removed to this Court on April 7, 2021. ECF No. 1. On September 14, 2021, Defendants Dr. Elizabeth Bradley and Corizon Health, Inc. submitted an affidavit showing that judgment was entered in their favor by the Philadelphia Common Pleas Court (ECF No. 17) and subsequently both were

terminated from this case (ECF No. 19). Defendant City of Philadelphia, the only remaining defendant, now moves for summary judgment. ECF No. 21.

## II.  DISCUSSION

Summary judgment is granted where the moving party has established "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported summary judgment motion; the requirement is that there must be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). A material fact is one that "might affect the outcome of the suit under governing law." *Id.* At 248. When ruling on a summary judgment motion, the court will consider the facts in the light most favorable to the non-moving party and draw all reasonable inferences in the non-moving party's favor. *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006).

### A. <u>Count I: Inadequate Medical Treatment under the Eighth Amendment</u>

The standard for an Eighth Amendment claim of inadequate medical treatment is deliberate indifference to a prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). In order to succeed on a claim pursuant to 42 U.S.C §1983, the plaintiff must prove that a constitutionally protected right has

been violated and that the city had a policy, custom, or practice of deliberate indifference to providing the necessary medical care. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694-95 (1978); *see also Buoniconti v. City of Philadelphia*, 148 F. Supp. 3d 425, 438 (E.D. Pa. 2015) (citing *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2007).

Plaintiff asserts that Defendant City of Philadelphia was responsible for the medical service providers in the Philadelphia prisons and that the City failed in its duty to provide adequate medical care through those providers. ECF No. 1 ¶36-42. In his Complaint, Plaintiff provides a list of conclusory statements about the City's alleged failure to obtain proper medical care for the Plaintiff. ECF No. 1 ¶43. Plaintiff further claims that the lack of adequate medical care has rendered him "sick, sore, lame, prostrate, disabled and disordered." ECF No. 1 ¶44.

While Plaintiff's well-plead factual allegations are considered in the light most favorable to him at this stage, there is a complete absence of sufficiently plead facts showing the existence of a policy, custom, or practice of the City of Philadelphia relating to the injuries Plaintiff allegedly suffered. Further, it has been deemed admitted that the City does not have a policy, practice or custom of failing to provide inmates with proper medical care or medications; Plaintiff's injuries were not caused by the conduct of any City of Philadelphia employee; Plaintiff was provided with necessary medications during his incarceration; and Plaintiff was

provided with appropriate accommodations for his seizure disorder. ECF No. 18 at 8-9 ¶¶1, 5, 8, 9.

Therefore, Plaintiff has not provided any evidence or well-pled facts indicating a claim against the City for a violation of the Eighth Amendment. Since the Plaintiff has not shown that a constitutionally protected right has been violated, the Court need not address whether the City acted with deliberate indifference. *Buoniconti v. City of Philadelphia*, 148 F. Supp. 3d 425, 439 (E.D. Pa. 2015).[1]

### B. Count VI: Lack of Informed Consent

The doctrine of informed consent is generally a theory of professional negligence against a medical professional for negligently failing to disclose the risks associated with a procedure or treatment and the plaintiff was injured as a result. *See* Restatement (Second) of Torts § 892B, comment i at 375 (1979); Restatement (Second) of Torts § 299A (1979).

Plaintiff asserts that Defendant City of Philadelphia failed to properly notify him of the possible risks and complications of failing to receive his prescribed medications and/or dosages and failed to obtain Plaintiff's informed consent to any other course of treatment. ECF No. 1 ¶107. In this way, Plaintiff tries to rephrase his prior claim of deliberate indifference, based on the Eighth Amendment, as an

---

[1] Even so, it was deemed admitted that the City of Philadelphia was not deliberately indifferent to Plaintiff's rights and that the City of Philadelphia's policymaker was not deliberately indifferent to Plaintiff's rights as asserted in his Complaint. ECF No. 18 at 8 ¶2, 3.

"informed consent" claim. Thus, there is no need to determine whether this is actionable under §1983 as the Plaintiff has failed to state any well-pled facts showing an issue of informed consent.

Even so, Plaintiff has conceded that the City of Philadelphia was not negligent in its provision of medical care and/or medications; none of his injuries were caused by any City of Philadelphia employee; Plaintiff often acted in a manner that flouted medical advice; and Plaintiff did not receive while incarcerated any of the medical treatments he alleges were performed without informed consent. ECF No. 18 at 3 ¶¶5, 6, 10-15, 16. Those admissions alone are enough to defeat Plaintiff's alleged issues of informed consent.

### C. Count VII: Corporate Negligence

Under Pennsylvania State Law, "[c]orporate negligence is a doctrine under which a hospital owes a direct duty to its patients to ensure their safety and well-being while at the hospital." *Stroud v. Abington Mem'l Hosp.*, 546 F. Supp. 2d 238, 245 (E.D. Pa. 2008) (citing *Thompson v. Nason Hosp.*, 527 Pa. 330, 591 A.2d 703, 707–08 (1991)). This doctrine requires a showing of direct liability of the hospital, "which contemplates some form of systemic negligence by the hospital," and is not designed to allow for theories of vicarious liability due to the negligence of employees. *See id.* (citing *Edwards v. Brandywine Hosp.*, 438 Pa.Super. 673, 652 A.2d 1382, 1386–87 (1995)). As noted by the Defendant, this Court has

supplemental jurisdiction over pendent state law claims. 28 U.S.C.A. § 1367; ECF No. 21-2 at 4.

Plaintiffs asserts that the City is negligent in its hiring and duties of supervision over medical personnel in the Philadelphia prison system. ECF No. 1 ¶112. Plaintiff claims that, due to this negligence, he "sustained severe physical and psychological injuries," which he proceeds to list. ECF No. 1 ¶113. Again, Plaintiff claims inadequate medical care has left him "sick, sore, lame, prostrate, disabled and disordered and forced him to suffer great mental anguish[.]" ECF No. 1 ¶114.

Regarding this claim against the City for corporate negligence, the Court finds that the Defendant City of Philadelphia is immune to liability for such non-intentional torts under the Pennsylvania Political Subdivision Tort Claims Act. 42 Pa.C.S. § 8541; *see e.g. Wakshul v. City of Philadelphia*, 998 F. Supp. 585, 588 (E.D. Pa. 1998) (dismissing claims for assault, battery, and intentional infliction of emotional distress against the City of Philadelphia under the Tort Claims Act). This claim does not fall under any of the exceptions to this immunity. 42 Pa.C.S. § 8542(b); ECF No. 21-2 at 5.

Even if the City did not have immunity to this claim, it has been deemed admitted that neither the City of Philadelphia nor its policymaker had a practice of failing to provide inmates with proper medical care; the City properly trains its

staff regarding medical care and medications; Plaintiff's injuries were not caused by the conduct of any City employee; and the City was not negligent in providing medical care or medications to the Plaintiff. ¶¶1-2, 4, 5, 6.

### III. CONCLUSION

For the foregoing reasons, the Defendant City of Philadelphia's Motion for Summary Judgment is **GRANTED** as to all claims.

**BY THE COURT:**

**/s/ Chad F. Kenney**
**CHAD F. KENNEY, JUDGE**